Ingalls, J.
We have examined this case and are convinced that it was correctly decided by the court at special term. The findings of fact are sustained by the evidence, and the conclusions of law are supported by the facts found by the court. The case shows that this action was carefully tried, and deliberately examined and decided by the court. The findings of fact cover the entire case, and we are satisfied that substantial justice has been reached and administered by the court at special term. It seems needless to undertake a discussion of the facts, after the careful consideration thereof by the trial court. We do not discover that any legal error has intervened which has injuriously affected the plaintiffs or their case.
The judgment should be affirmed, with costs.
Learned, P. J., and Landon, J., concur.
The following is the special term decision:
Fish, J.
This action having been duly brought to trial at a special term of this court, held at the town hall in the village of Saratoga Springs on the 22d day of July, 1886, and having been tried before the court without a jury by the consent of the attorneys and counsel for both parties, and the case having been heard from time to time upon the pleadings and proofs offered by the respective parties, and a decision herein dated April 19, 1888, having been rendered and duly filed: Now, on motion of Hale, Cowen & Bulkley, attorneys for the defendant, it is adjudged and decreed:
First. That the plaintiffs herein have not performed their contract with the defendant, referred to in the pleadings herein, but are in default therein.
*939 Second. That the defendant is not in default in respect to his contract with plaintiffs, and has not omitted to perform any part o£ said contract, except so far as he has been prevented from so doing by the failure of the plaintiffs to perform their contract.
Third. That the plaintiffs, although in default in the matters covered by the several contracts referred to in the pleadings herein, may nevertheless and are hereby allowed to acquire title to the premises mentioned in the pleadings herein and hereinafter described, upon the terms and conditions following, to wit, namely:
If the plaintiffs shall, on or before the 21st day of May, 1888, pay and satisfy two certain judgments recovered by the First National Bank of Ballston Spa against the defendants and others, one for one thousand seven hundred and forty-one dollars and eighty-seven cents ($1,741.87) damages and costs, recovered and docketed in the office or the clerk of Saratoga county, on the 23d day of December, 1885, and the other for one thousand seven hundred and forty-five dollars and forty-nine cents ($1,745.49) damages and costs recovered and docketed in said clerk’s office on the same day last above-named, and pay to the defendant the sums mentioned in said decision as having been paid by him upon the Barnard contract, so called, and upon the judgment in the Barnard action, so called, and for costs and taxes, in all amounting with interest, to the date of said decision, to the sum of nine thousand eight' hundred and twenty-seven dollars and fifty-five cents ($9,827.55), and shall pay to the defendant or his attorney herein, his costs in this action, as adjusted, amounting to the sum of three hundred and fifty-eight and 2-100 dollars, and shall also pay to the attorney for Henry F. Barnard and others the amount of costs in the action, wherein said Barnard and others were plaintiffs, and these plaintiffs, the defendant and others were defendants, as the same has been or may be adjusted, or pay to the defendant the amount of a certain note given by defendant to Hon. J. W. Crane, the attorney for said Barnards in said action for the costs in said action, and shall also pay to the said attorney for the said Barnard and others, interest on the draft for four thousand seven hundred and fifty-nine dollars and forty cents from July 22, 1887, to January 30, 1888, as provided in a certain order made in said action, wherein said Barnard and others were plaintiffs, dated January 30, 1888, that then the title to said premises, except as hereinafter provided, shall be conveyed to the plaintiffs herein; that the deed now held by J. W. Crane, the attorney for said Barnard and others, which was executed by said Barnard and others to defendant, be delivered to the defendant, and that the bond and mortgage executed by said defendant be delivered to the said Henry F. Barnard and others, *940 plaintiffs in said other action, or their attorney; and .that the defendant then convey the said premises, except as hereinafter provided, to the plaintiffs, subject to said bond and mortgage of ten thousand dollars, payment of which shall be assumed by the plaintiffs; the said deed from the defendant to the plaintiffs to reserve and except that portion of the premises known as the “bam lot,” which is to remain the property of defendant, free and clear of said mortgage as against the plaintiffs herein.
And it is further adjudged and decreed, that in case the plaintiffs shall fail to make all or any of the said payments on or before said 21st day of May, 1888, then all the right, title and interest of the plaintiffs in and to said premises under and by virtue of the agreements and contracts mentioned in the pleadings herein or any of them, shall cease and determine, and the said premises shall be and remain the property of the defendant as if no agreement or contract had ever been made between him and the plaintiffs; and in case of such failure, it is further adjudged and decreed, that the complaint herein be dismissed, and that the defendant recover of the plaintiffs the above named sum of three hundred and fifty-eight and 2-100 dollars costs.
And it is further adjudged and decreed, that in case of such failure, the chattel mortgage mentioned in the said decision, and a copy of which is annexed to said decision, be foreclosed, and that the property mentioned therein be sold by and under direction of the sheriff of the county of Saratoga, and that the avails of such sale be applied in payment of the judgments above mentioned, recovered by the First National Bank of Ballston Spa, against the defendants and othprs.
The premises above referred to, and which are covered by the agreement between the plaintiffs and defendant and which are to be conveyed by the defendant to the plaintiffs except as hereinabove provided, in case of their making the payments above provided for, are described as follows: All those pieces and parcels of land situated in the village of Saratoga Springs, N. Y., on the east side of Broadway, and bounded and described as follows: Commencing at the southwest comer of the premises belonging to Maria B. Clark, and running from thence southerly along the east line of Broadway about two hundred and sixteen feet (216) to a point where the northerly line of the land of the Saratoga and Whitehall Railroad Company intersects the easterly line of Broadway aforesaid, and from thence easterly along the northerly line of the lands of said company, to a point where it intersects the westerly line of the lands of said *941 railroad company. And from thence northeasterly along the westerly line of the land of said railroad company about four hundred and thirty-eight feet (438), to the southeast -corner of the premises belonging to James P. Butler, and running from thence westerly along the south line of the said James P. Butler’s land, to the northeast corner of lands of William Slocum, and from thence southerly along the easterly line of said Slocum’s lot to the northerly line of the lot of the said Maria B. Clark, and running from thence easterly along the northerly line of the said Clark lot, to the northeast corner thereof, and running from thence southerly along the east line of said Clark’s lot to the southeast corner thereof, and from thence westerly along the south line thereof to the place of beginning, being the premises now known as the Waverly Hotel premises.
The barn lot above mentioned which is tobe reserved and excepted from the said premises, to be conveyed to the pi aintiffs by defendant, is described as follows: The aforesaid barn lot is situated immediately in rear of William Slocum’s lot on the east side of Broadway, Saratoga Springs, being about forty-five feet wide (be the same more or less), and lying south of a lot belonging to and occupied by James P. Butler, and north of a lot in rear of Maria B. Clark’s lot, and west of the R. and S. Railroad.